[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 56, and the defendant husband, 63, married on July 2, 1966 in Brooklyn, New York. There are no children issue of this marriage. However, the plaintiff had one child from her first marriage who is now 35 years old and the defendant had three children of his prior marriage which terminated upon the death of their mother. The plaintiff assumed the responsibilities of a custodial parent in raising the defendant's three children who were 11, 8, and 3 when she and the defendant merged their households.
At the time of the marriage, the plaintiff was employed by Mutual of New York Insurance Co., as a clerical. She continued with MONY until she retired in 1989 after 27 years with this company. Her pension went into pay status immediately which now pays her $550.00 weekly gross and $533.00 weekly net.
The defendant, who has been a licensed funeral director since 1955 was employed by Delta Airlines as a marketing representative at the time of this marriage. He lost his job in 1979. In that year he and a partner bought a funeral home located in Brooklyn, CT Page 11305 New York. The building contains four apartments in addition to the funeral parlour. At a subsequent time they bought an adjacent building and three lots for $15,000.00. The parties mortgaged their home to raise money for the initial purchase. In 1985, the plaintiff gave the defendant $3,000.00 toward the purchase of a hearse.
The plaintiff's department was moved to Purchase, New York resulting in a two hour commute each way for the plaintiff. They purchased a home in Stamford known as 30 Lakeview Drive for $170,000.00 in June, 1984. The plaintiff now values it at $260,000.00 and the defendant values it at $259,000.00. The court accepts fair market value to be $260,000.00. The property is subject to a mortgage balance of $111,000.00. The parties also own a time share in Aruba valued at $6,000.00.
The plaintIff [plaintiff] attributes the breakdown to an uneven sharing of responsibility in the marriage, the defendant's time away from home, defendant's unfaithfulness, and financial disagreements. The defendant was upset by the discovery of an affair the plaintiff began in late 1991. The parties final separation occurred in February, 1993.
The defendant values his interest in the funeral business at $150,000.00. He draws a weekly salary of $400.00 gross and rents a hearse for $200.00 weekly. The court notes, with interest, that lines 12 and 13 on IRS Form 1120, 1992 and 1991 are blank (Plaintiff's Exhibits #9 and #8). As far back as May 31, 1984, the corporation had prior retained earnings of $38,038.00 and just for one year retained an additional $42,159.00. Officer's salaries for that year totaled $75,000.00. The dearth of current financial data is understandable in this context.
Having reviewed the evidence in light of the statutory criteria, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The plaintiff is awarded the defendant's interest in #30 Lakeview Drive, Stamford, Connecticut and the plaintiff shall assume the mortgage balance. If a quit claim deed is not forthcoming after 30 days, the transfer may be completed pursuant to statute. CT Page 11306
3. The plaintiff is awarded the contents of said property.
4. The defendant shall retain his interest in the funeral home and the Brooklyn, New York real estate.
5. The plaintiff shall retain her pension including the right to remove the defendant as surviving spouse, her 401(k) plan, her IRA and her live insurance benefits.
She shall not hamper the defendant's right to continue COBRA coverage if he so elects.
6. The plaintiff is awarded ownership of the 1989 Volvo auto and the defendant is awarded the 1985 Cadillac and the 1978 Cadillac hearse.
7. The plaintiff is awarded the Aruba time share and the defendant is ordered to execute any necessary documents to effect the transfer.
8. The parties shall otherwise retain what they now each possess and they shall be responsible for the debts each has contracted.
9. No alimony is awarded.
Counsel for the plaintiff shall prepare the judgment file and the quit claim deed.
HARRIGAN, J.